7779

### STATE v. DuRant.

1. EVIDENCE.—Under an indictment for assault and battery with intent to kill, the sole issue being whether the officer was shot by defendant, evidence. of officers searching defendant's premises and finding there contraband liquor, prosecution of defendant for selling liquor, his demand that the officers stay away from his store, is competent.

2. CHARGE.—In such case the constitutional requirement that Judges "shall declare the law" does not make it necessary for the trial Judge to define malice, assault and battery, assault and battery of a high and aggravated nature, and assault and battery with intent to kill. Proper instruction in such case indicated.

Before GAGE, J., Lee, Summer term, 1909.. Affirmed.

Indictment against James R. DuRant for assault and battery with intent to kill. From sentence, defendant appeals.

*Mr. M. L. Smith,* for appellant, cites: *Judge should have declared the law applicable to the case:* 58 S. C. 93.

*Solicitor P. H. Stoll,* contra, cites: *Evidence tending to show malice is admissible:* 49 S. C. 550; 73 S. C. 277. *Cross-examination of defendant:* 55 S. C. 247.

February 22, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. T. W. Privett, a policeman of the town of Bishopville, was shot near the store of the defendant James R. DuRant on the night of the second day of December, 1908. The defendant was indicted and on his trial was convicted of assault and battery with intent to kill, the verdict containing a recommendation to the mercy of the Court.

A number of exceptions set out alleged errors in the admission of evidence that defendant's store had been searched for contraband liquor by policemen, that liquor had been found there, and that the defendant had been previously indicted for selling liquor.

A short statement of the facts will make evident the competency of this evidence. The policeman Privett and chief of police Groom had gone to DuRant's store for the purpose of arresting three negroes under a warrant charging them with selling whiskey. According to the evidence on behalf of the defendant as well as that on behalf of the State, the defendant expressed to the policemen strong objection to their presence about his store and their surveillance of his business; and claiming the sidewalk in front of his store to be his property, he ordered the officers to keep off of it. Privett testified that he was sitting in front of the store when defendant, without warning or provocation, came from the rear of the store and shot him. The defendant on the other hand testified that he had nothing to do with the shooting, and he and two other witnesses testified that he was inside the store when the shooting was heard outside. From this statement it is clear that the sole issue in the case was whether the shot which wounded the policeman was fired by the defendant or some other person, and it is equally clear that on this issue of fact the evidence of the search by policemen of defendant's premises, the finding of liquor there, the indictment of defendant for selling liquor, his objection to the presence of the officers at his store, and his demand that they should stay away, was competent, because it tended to show the animus of the defendant towards officers watching his place of business, and to show motive for the shooting. *State* v. *Smith,* 12 Rich. 430; *State* v. *Thrailkill,* 71 S. C. 140, 50 S. E. 551; 73 S. C. 316, 53 S. E. 482.

The main ground of the appeal is that the Circuit Judge did not in his charge "declare the law," as required by the

Constitution, in that he did not define the crimes of assault and battery, assault and battery of a high and aggravated nature, and assault and battery with intent to kill, and did not state the legal meaning of the term malice used in the charge. The following extract from the charge contains all that was said by the Circuit Judge in the nature of definition of crime: "But there are two things charged—that he did the shooting and then the intent with which it was done. The intent involves the purpose of a man's heart who fired the shot. If he had murder in his heart, if he had that which the law denominates malice, then the indictment is made out, but, if you have a reasonable doubt about whether or not he did have malice, if he did the shooting—if you conclude that he did not mean to kill, that he did not have malice in his heart, which the law denominates necessary to commit murder, if you are satisfied that the shooting was unlawful, but that DuRant did not have that malice, but that it was an aggravated shooting, you could write a verdict of aggravated assault; so there are three verdicts possible: Guilty, that is number one; guilty of aggravated assault and battery, that is number two; not guilty, number three."

The requirement of the Constitution that the Judge "shall declare the law" does not mean that the Judge shall tell the jury all about that branch of the criminal law under which the crime charged in the indictment falls; but it means that he shall explain so much of the criminal law as is applicable to the issues made by the evidence adduced on the trial. The purpose of a charge is to enlighten the jury. This purpose is accomplished by a statement of the law which fits the concrete case; it is defeated by a discourse filled with abstract legal propositions having the effect of confusing the minds of the jury. For example in a trial for murder when the evidence shows beyond dispute an assassination, the law of self-defense and the law of manslaughter have no bearing on the issue, and there is no duty

of the Judge to waste time in discrimination and definition pertinent to those subjects.

So it is in this case. All the evidence showed that some person came around the side of defendant's store and deliberately shot policeman Privett while he was sitting quietly on the sidewalk. On this point there was no issue. Beyond all question, if Privett had died, the crime would have been murder. As he survived the murderous assault, the crime was assault and battery with intent to kill. *State* v. *White,* 21 S. C. 579; *State* v. *Williamson,* 65 S. C. 242, 43 S. E. 671.

It follows that definitions of malice, of the crimes of assault and battery, and of assault and battery of a high and aggravated nature, were no essential part of the declaration of the law necessary to an understanding by the jury of the issue before them. Indeed the Judge would have fully discharged the duty imposed on him by the Constitution if he had charged the jury nothing more than that the sole issue before them was whether the evidence convinced them beyond a reasonable doubt that the defendant fired the shot which wounded Privett; that if they were so convinced, then the verdict should be guilty of assault and battery with intent to kill as charged in the indictment; and that if they were not so convinced, the defendant should be acquitted.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.