20751

The STATE, Respondent, v. Dennis SMITH, Appellant.

(247 S. E. (2d) 331)

318

*William D. Richardson,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

August 24, 1978.

LITTLEJOHN, Justice:

The appellant, Dennis Smith, was convicted by a jury and sentenced by the trial judge for violation of South Carolina Sunday Blue Laws. As manager, he operated the Ingles Grocery Store on a Sunday, employing six persons.

Section 53-1-40, Code of Laws of South Carolina (1976),[1] provides in part as follows:

"On the first day of the week, commonly called Sunday, it shall be unlawful for any person to engage in worldly work, labor, business of his ordinary calling or the selling or offering to sell, publicly or privately or by telephone, at retail or at wholesale to the consumer any goods, wares or merchandise or to employ others to engage in work, labor, business or selling or offering to sell any goods, wares or merchandise, excepting work of necessity or charity. . . ."

Section 53-1-50 of the 1976 Code[2] reads in relevant part:

"Section 53-1-40 shall not apply to the following: . . . grocery stores which do not employ more than three persons including the owners or proprietors at any one time; . . ."

The grocery store operated by the appellant is a typical supermarket. Located inside the store is a delicatessen which is a part of the overall store operation. Three employees were assigned to the delicatessen, which had its own cash register and separate operating license as required by city ordinance.

At appropriate times during the trial, counsel for the appellant challenged the constitutionality of the statute, and such is the main issue now submitted to this court. It is the

---

[1] Section 64-2 of the 1962 Code.
[2] Section 64-2.1 of the 1962 Code.

contention of the appellant that the statute is discriminatory in that grocery stores which can be operated with three or fewer employees are permitted to operate on Sunday, whereas larger grocery stores which cannot be operated by three or fewer employees are prohibited, which, he argues, is violative of the constitutional right of equal protection of the laws, as provided by the Fourteenth Amendment to the Constitution of the United States.

It is conceded that the state has the constitutional right to limit business activity on Sunday. *State v. Solomon,* 245 S. C. 550, 141 S. E. (2d) 818 (1965).

The Fourteenth Amendment permits the states a wide scope of discretion in enacting laws which affect some groups of citizens differently from others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that in practice their laws result in some inequity. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. *McGowan v. State of Maryland,* 366 U. S. 420, 81 S. Ct. 1101, 61 L. Ed. (2d) 393 (1961).

In *State v. Solomon, supra,* this court held that the purpose of the statutory enactment was . . . "to provide a uniform day of rest for all citizens, permitting only work of necessity or charity." We are of the opinion that the legislature could reasonably find that the health and welfare of the populace requires that items normally sold by small grocery stores be available. By limiting the workers to three, the statute insures that the day of rest is extended to the maximum number of citizens, while at the same time making necessary food items available. By limiting the workers to three, the statute insures that the grocery business will not take in a regular weekday full-scale volume, with concomitant traffic, noise and activity. Commercial ac-

tivity is minimized; a day of rest for citizens is maximized, consistent with the overall purpose.

We are not unaware of the fact that the supreme courts of some states have taken the contrary view. We follow the reasoning of the United States Supreme Court in holding that there has been no denial of equal protection of the law under the Fourteenth Amendment. *McGowan v. State of Maryland, supra.*

The appellant also asks for a new trial, alleging that the trial judge violated the provisions of Article V, § 17, of the Constitution of South Carolina by charging on the facts. The judge stated to the jury that: "If a bakery, restaurant, delicatessen or similar operation is located within a grocery store and operates simultaneously with the operation of the grocery store, it shall not be considered as a separate business."

A review of the evidence convinces us that the delicatessen operation was a part of the overall store operation, such that the jury would not have been warranted in finding that the delicatessen was a separate business operation. The contention of the appellant that the jury should have been permitted to find that there were in effect two businesses, one a grocery store with three employees and one a delicatessen with three employees, is without merit. There was no issue for the jury to determine. *See State v. Durant,* 87 S. C. 532, 70 S. E. 306 (1911).

Affirmed.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting) :

I believe the three employee classification is unconstitutional and would reverse.

While the State may constitutionally limit business activity on Sunday, all persons similarly situated must be af-

fected equally by the statute. *State v. McGee,* 237 N. C. 633, 75 S. E. (2d) 783 (1953). Code Section 53-1-50 blatantly discriminates against larger grocery stores in favor of smaller ones. It is obvious that a small grocery or convenience store can operate adequately with three or less employees. It is equally clear that a large supermarket cannot efficiently serve its customers and guard against shoplifting with only three employees. The statute therefore has the effect of treating persons engaged in the same business differently.

The majority concludes the statute furthers the overall purpose of Sunday closing laws by minimizing commercial activity and providing a uniform day of rest for all citizens. I disagree. A large store which attempts to remain open on Sunday and comply with the statute will provide substandard service to its customers and be an easy target for shoplifters.

The rationale offered by the majority fails to convince me that any reasonable justification exists to treat small grocery stores more favorably than large ones. Such an arbitrary classification, devoid of any rational basis, is precisely the type of discrimination proscribed by the equal protection clause.

In *Piggly Wiggly v. City of Jacksonville,* 336 So. (2d) 1078 (Ala. 1976), the Alabama Court concluded that a four-employee classification was without reasonable justification and therefore unconstitutional. Similarly, a Nebraska statute which permitted stores with two or less persons to remain open on Sunday was held to violate the equal protection clause. *Terry Carpenter, Inc. v. Wood,* 177 Neb. 515, 129 N. W. (2d) 475 (1964). In *Bertera's Hopewell Foodland, Inc. v. Masters,* 428 Pa. 20, 236 A. (2d) 197 (1967), a statute permitting grocery stores employing less than ten people to stay open on Sunday was held unconstitutional. I concur in the decisions of these courts and would hold that portion of Code Section 53-1-50 violative of the

equal protection clause of the State and Federal Constitutions.

In any event, appellant Smith is not guilty of violating the Blue Laws because two *separate* businesses existed under the roof of Ingles Grocery Store. Both a grocery store and a delicatessen were in operation, with three employees working at each business in compliance with the statute. Mr. Smith had procured two separate business licenses from the City of Easley, one for a grocery store and one for a restaurant. Had the two businesses been conducted in separate buildings, there would have been no alleged violation of the Blue Laws. I do not believe the City of Easley can benefit by collecting two license fees and Mr. Smith be penalized because he chose to operate two separate businesses under one roof.

Moreover, the trial judge committed reversible error when he charged the jury on the facts. The judge stated:

"Therefore, I will charge you that it is a violation of the statutory laws of this state for a grocery store, which has a bakery, restaurant or delicatessen as part of that store, to be open and doing business on Sunday where more than three persons, including the owners or proprietors, are employed at any one time. If a bakery, restaurant, delicatessen or similar operation is located within a grocery store and operates simultaneously with the operation of the grocery store, it shall not be considered as a separate business."

(Tr. pages 27-28).

In my view, the judge's charge relates to the ultimate issue in the case and usurps the jury's role. Therefore, I would hold it to be an impermissible charge on the facts.

I would reverse.