## 1518

Timothy P. NIVER, Appellant v. S.C. DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, and Joseph Henry Gary, Defendants, of whom S.C. Department of Highways and Public Transportation is Respondent.

(395 S.E. (2d) 728)

Court of Appeals

*Ken Suggs* of *Suggs & Kelly*, Columbia, *for appellant.*

*Mary Gordon Baker* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondent.*

Heard May 8, 1990.

Decided July 2, 1990.

GOOLSBY, Judge:

Timothy P. Niver brought this personal injury action against the South Carolina Department of Highways and Public Transportation and Joseph Henry Gary. The circuit court granted the Department's motion for summary judgment. Niver appeals. The question on appeal concern discretionary immunity under the South Carolina Tort Claims Act and contributory negligence. We reverse and remand.

On November 4, 1986, Niver suffered personal injuries when his motorcycle collided with a pickup truck driven by Gary at the intersection of Belton Road and Highway 244 in Lexington County. The collision occurred when Gary turned left onto Belton Road as Niver attempted to pass Gary's truck on the left. Both Niver and Gary had been traveling south on Highway 244.

On the day of the accident, no signs or markings of any kind indicated the two approaches on Highway 244 to the intersection of Belton Road and Highway 244 were no-passing zones for distances of 100 feet from the intersection. *See* S.C. CODE ANN. § 56-5-1880(a)(2) (1976 & 1989 Supp.) ("No vehicle shall at any time be driven to the left side of the roadway . . . [w]hen approaching within one hundred feet of . . . any intersection. . . ."). Also, no signs on Highway 244 alerted travelers on Highway 244 of the highway's intersection with Belton Road.

Highway 244, however, had recently been resurfaced. Before its resurfacing, a yellow line on the highway indicated a no-passing zone for travelers heading north toward the intersection. A marked no-passing zone for southbound travelers approaching the intersection has never existed on Highway 244.

Niver's complaint against the Department centers on the Department's failure at the time of the accident to have either "yellow lines" or "road signs" on Highway 244 indicating no-passing zones at the approaches to the intersection in question.

The Department moved for summary judgment, asserting, among other things, the affirmative defenses of discretionary immunity and contributory negligence.

The circuit court held that Section 15-78-60(5) and (15) of the South Carolina Tort Claims Act immunizes the Department from liability for any loss resulting from a decision by the Department not to place either striping or a sign upon Highway 244 to indicate a no-passing zone for southbound travelers because the decision involved a discretionary act and the Department "is not liable for a loss resulting from the exercise of discretion. . . ."[1]

## I.

Subject to the limitations contained in the South Carolina Tort Claims Act, a governmental entity, such as the Department, is liable for its torts "in the same manner and to the same extent as a private individual. . . ." S.C. CODE ANN. § 15-78-40 (1976 & 1989 Supp.). One such limitation is that a governmental entity is not liable for a loss resulting from "the exercise of discretion . . . by the governmental entity. . . ." *Id.* § 15-78-60(5). Another limitation is that a governmental entity has no "liability arising from a failure . . . to initially place any . . . signs, signals, [or] warning devices . . . when the failure is the result of a discretionary act of the governmental entity." *Id.* § 15-78-60(15). The burden of establishing a limitation upon liability or an exception to the waiver of immunity is upon the governmental entity asserting it as an affirmative defense. 57 Am. Jur. (2d) *Municipal, County, School, and State Tort Liability* § 676 at 616-17 (1988).

Thus, whether the Department is liable in this instance depends on whether its failure to place either striping or signs on Highway 244 to indicate a no-passing zone for southbound travelers on the highway within 100 feet of the intersection of Belton Road and Highway 244 resulted in fact from a discretionary decision. More precisely, the Department's immunity is contingent on proof that the Department, faced with alternatives, actually weighed competing considerations and made a conscious choice not to place either striping or signs on the

---

[1] The circuit court's holding is consistent with the first ground of the Department's motion. It alleges that the Department's "decision to paint yellow lines or to place a sign to indicate a 'no-passing zone' is a discretionary act and a governmental entity is not liable for a loss resulting from the exercise of discretion. . . ."

highway at the location in question. *See Burgdorf v. Funder,* 246 Cal. App. (2d) 443, 54 Cal. Rptr. 805 (1966) (under California law, a "discretionary act" within the meaning of the doctrine of governmental immunity for liability for discretionary acts performed by public officers and employees is generally one which requires an exercise of judgment and choice and involves an equitable decision of what is just and proper under the circumstances); *Miree v. U.S.,* 490 F. Supp. 768 (N.D. Ga. 1980) (under Georgia law, a "discretionary act" for which a public official is protected from liability calls for the exercise of reasoned judgment and entails examining facts, reaching reasoned conclusions, and acting on the conclusions in a way that has not been specifically directed); 57 Am. Jur. (2d) *supra* § 119 at 132 ("Discretion . . . involves . . . a determination made between competing and sometimes conflicting considerations."); *cf. Long v. Seabrook,* 260 S.C. 562, 197 S.E. (2d) 659 (1973) (a ministerial duty as distinguished from a quasi-judicial duty is a duty that is absolute, certain, and imperative and involves merely execution of a specific duty arising from fixed and designated facts).

As the record now stands, there is nothing whatever to indicate that competing choices were actually considered by the Department regarding whether it should place either striping or signs on Highway 244 to indicate a no-passing zone for southbound travelers approaching the intersection of Highway 244 and Belton Road and that the Department consciously chose not to place either striping or signs on the highway to warn travelers of the no-passing zone at that location. Without some evidence that its failure to install either striping or signs on Highway 244 designating its southbound approach as a no-passing zone resulted from a decision involving the exercise of discretion and not from some oversight or other nondiscretionary act, the Department is not entitled to claim immunity for its failure.

Rather than point us to any facts establishing immunity, the Department simply cites us to two sections of the Code, Sections 56-5-930 and 56-5-1890, that it contends immunize the Department as a matter of law for its failure to place striping or signs on Highway 244 to notify southbound travelers of the no-passing zone created by Belton Road's intersection with Highway 244.

Section 56-5-930 authorizes the Department to place traffic-control devices upon all state highways "as it shall deem necessary . . . to warn or guide traffic" and Section 56-5-1890, among other things, authorizes the Department to determine and designate by signs or markings those portions of any highway where "passing or driving to the left of the roadway would be especially hazardous." *See Rochester v. Bussey,* 251 S.C. 347, 162 S.E. (2d) 841 (1968) (the statutory authority of the Department to erect traffic-control signs and devices is found in Sections 56-5-920 and 56-5-930, among others).

The fact that two statutes allow the Department in certain instances to exercise discretion regarding the placement of traffic control devices, signs, and markings is not evidence that the Department actually made a decision and exercised its discretion when a failure to place a sign or markings at a particular location is called into question.

The circuit court, therefore, improperly granted summary judgment to the Department on the ground of discretionary immunity. At the very least, the question of whether the Department is immune or not in this case requires further inquiry into the circumstances surrounding the failure to place the striping or signs in controversy. *See Garrett v. Snedigar,* 293 S.C. 176, 178, 359 S.E. (2d) 283, 284 (Ct. App. 1987) ("Summary judgment is inappropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.").

## II.

We see no merit to the Department's additional sustaining ground asserting that Niver was guilty of contributory negligence as a matter of law.

The issue of contributory negligence is ordinarily a question of fact for the jury and only in rare instances is the issue a question of law for the court. *Ward v. Zelinski,* 260 S.C. 229, 195 S.E. (2d) 385 (1973). This is not one of those rare instances.

The record, when viewed, as it must be, in the light most favorable to Niver, shows that the pickup truck Niver was attempting to pass displayed no brake lights and gave no turn signal as it turned onto Belton Road, the intersection of Belton Road and Highway 244 was un-

marked, and Niver did not know he was approaching an intersection when he attempted to pass the pickup truck. *Jumper v. Goodwin,* 239 S.C. 508, 123 S.E. (2d) 857 (1962); *see South Carolina Electric & Gas Co. v. Combustion Engineering, Inc.,* 283 S.C. 182, 322 S.E. (2d) 453 (Ct. App. 1984) (when considering the issue of whether the circuit court was correct in granting a motion for summary judgment, the Court of Appeals must construe all ambiguities, conclusions, and inferences arising from the evidence most strongly against the movant).

Reversed and remanded.

SHAW and BELL, JJ., concur.