23548

Jeanette FOSTER, Respondent-Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant-Respondent.

(413 S.E. (2d) 31)

Supreme Court

520

*William U. Gunn* and *Perry D. Boulier,* both of *Holcombe, Bomar, Cothran and Gunn, P.A.,* Spartanburg, *for appellant-respondent.*

*Kenneth C. Anthony, Jr.,* of *Knie, White & Anthony,* Spartanburg, *for respondent-appellant.*

Heard Oct. 9, 1991; Decided Jan. 6, 1992.

Reh. Den. Feb. 4, 1992.

TOAL, Justice:

In this suit the Respondent-Appellant, Foster, sued the Highway Department under the South Carolina Tort Claims Act (SCTCA). The Highway Department appeals the verdict for Foster claiming that: (1) the trial court erred in admitting a letter written to the Department by a resident, (2) the trial court erred in failing to find Foster contributorily negligent as a matter of law, and (3) as a matter of law, the Highway Department's employees' acts were discretionary and entitled to immunity under the Act. Foster cross-appealed, claiming the trial court erred in reducing her Three Million ($3,000,000) Dollar verdict to Two Hundred and Fifty Thousand ($250,000) Dollars pursuant to the liability cap provided in the SCTCA. Foster asserts the cap is unconstitutional. We affirm.

## FACTS

On May 3, 1989, Jeanette Foster inadvertently drove her right wheels off the edge of Highway 295. Due to the drop in the shoulder, she lost control of her car as she attempted to drive back on to the highway. Foster's car veered off the road and down an embankment. She was thrown from her car and suffered serious injuries which left her a quadriplegic.

Foster alleged the Highway Department failed to give proper warning of the low shoulder and failed to properly maintain and repair the highway. The Highway Department denied the allegations and raised the defense of contributory negligence.

The jury returned a verdict of Three Million ($3,000,000) Dollars for Foster. The trial court reduced the verdict to Two Hundred and Fifty Thousand ($250,000) Dollars in accordance with the applicable liability cap provided in the SCTCA. S.C. Code Ann. § 15-78-120(a)(1) (Supp. 1990).

### Admissibility of the Letter for
### the Purpose of Proving the
### Department had Notice

Foster introduced into evidence a letter sent to the Highway Department prior to Foster's accident by a resident of Highway 295. The given purpose of the letter was to show the Department had notice of the low shoulders on this particular stretch of Highway 295. The Department attempted to prevent the admission of this letter by conceding the Department had notice the shoulders were too low. The trial court properly denied the Department's objection on these grounds. A letter evidencing the Department had notice that there were portions of the highway with drops of eight inches is not rendered inadmissible by a general concession that the Department knew the shoulders were low. *See, do-Canto v. Ametek, Inc.*, 367 Mass. 776, 328 N.E. (2d) 873 (1975). *See also State v. Greene*, 255 S.C. 548, 180 S.E. (2d) 179 (1971) (the requiring of parties to stipulate is within the discretion of the trial judge).

The Department also objected to the letter on the grounds that it contained opinions and irrelevant accusations. The Department objected to the letter in its entirety. At no time did the Department ask the trial judge to redact the irrelevant portions of the letter. Had such a motion been made, it would have been proper to grant it. However, where evidence is objected to in its entirety, some portion of which is admissible, such objection is not well taken, even though some portions of the evidence are in fact inadmissible. *Johnson v. State*, 146 Ga. 190(2), 91 S.E. 42 (1916). Thus, the letter was properly admitted.

The trial court attempted to cure any unduly prejudicial affect of the letter by instructing the jury that it was to be considered only on the issue of notice. The Department made no objection to the limiting instructions. Therefore, the Department has waived its right to objection to the inadequacy of these instructions.

### Contributory Negligence

The Highway Department contends Foster was contributorily negligent as a matter of law. Negligence being a mixed question of law and fact, it is the court's

duty to define negligence, but it is the jury's province to draw the inference from the facts. *Rogers v. Atlantic Coast Line Railroad Co.*, 222 S.C. 66, 71 S.E. (2d) 585 (1952). Only when the evidence supports but one reasonable inference does the question become a matter of law for the court. *Id.* The Department relies on *Bunton v. South Carolina State Highway Department*, 186 S.C. 463, 196 S.E. 188 (1938). In *Bunton* this Court held the driver who drove off the edge of the paved road was contributorily negligent as a matter of law. *Bunton*, however, does not stand for the general proposition that driving off the edge of the road is negligence. The thorough recitation of the facts in *Bunton* indicate the court was not declaring a general principle but applying the law to the narrow facts presented. *See also Morgan v. Greenville County*, 189 S.C. 368, 1 S.E. (2d) 144 (1939) (*Bunton* limited to its precise facts). In *Bunton*, the road was perfectly straight, and the edge of the paved portion was clearly visible. In the instant case, it is undisputed Foster was maneuvering a curve at the time of the accident. Additionally, Foster's ability to perceive the dangerous drop in the shoulder is contested. Therefore, *Bunton* is not controlling, and the issue of contributory negligence was properly submitted to the jury.

### Discretionary Immunity

The Department contends a suit alleging its negligence in the repair and maintenance of the highway is barred as a matter of law by the discretionary immunity provision of the SCTCA. This provision provides:

> The governmental entity is not liable for a loss resulting from . . . the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee. . . .

S.C. Code Ann. § 15-78-60(5)[1] The interpretation of this provision was the subject of the recent case of *Niver v. Department of Highways and Public Transportation*, 302 S.C. 461, 395

---

[1] Subsection 15 further limits the Highway Department's liability but does not address the facts presented here.

S.E. (2d) 728 (Ct. App. 1990). In *Niver*, the court held the governmental entity bears the burden of establishing discretionary immunity as an affirmative defense. *Id.* at —, 395 S.E. (2d) at 730. Furthermore, the court held mere room for discretion on the part of the governmental entity was not sufficient to invoke the discretionary immunity provision. *Id.* Proof that the governmental employees faced with alternatives, actually weighed competing considerations and made a conscious choice is necessary. *Id.* We affirm this interpretation of the discretionary immunity provision. Further, the governmental entity must show that in weighing the competing considerations and alternatives, it utilized accepted professional standards appropriate to resolve the issue before them. It is not enough to say the defect was noted and a decision was made not to repair it.

In this case, the Department's employees testified they had no plan for inspecting the roads and no criteria for making repairs. The Department's maintenance engineer testified only generally the factors he considers in prioritizing repair jobs. There was no testimony reflecting a conscious decision, weighing the appropriate factors, was ever made in reference to the repair and maintenance of this road. Therefore, the Department was not entitled to immunity.

*Unconstitutionality of the Liability Cap*

Foster cross-appealed on the ground that the reduction of her verdict was in error. She argues the SCTCA liability cap is unconstitutional as a violation of her right to equal protection. The SCTCA, as amended in 1988, provides a general cap on liability at Two Hundred and Fifty Thousand ($250,000) Dollars. S.C. Code Ann. § 15-78-120(a)(1). Torts committed by licensed physicians and dentists employed by governmental entities, however, are excepted from this cap. Subsection (4) provides for a One Million ($1,000,000) Dollar damage cap for losses caused by the tort of a physician or dentist.

We note that this Court has recently upheld the constitutionality of the general cap. *Wright v. Colleton County School Dist.*, 301 S.C. 282, 391 S.E. (2d) 564 (1990). However, the issue of the disparate treatment of victims of physician and dentist torts was not before the Court. In *Wright*, this Court held there was no fundamental right in-

fringed by the liability caps, thus the proper analysis of the constitutionality of this statute is under a rational basis test. *Id.* at 291, 391 S.E. (2d) at 570.

Under this test, the Equal Protection Clause is satisfied if: (1) the classification bears a reasonable relation to the legislative purpose sought to be effected; (2) the members of the class are treated alike under similar circumstances and conditions; and (3) the classification rests on some reasonable basis. *Samson v. Greenville Hospital System,* 295 S.C. 359, 368 S.E. (2d) 665 (1988). Foster contends there is no reasonable basis classifying the victims of the torts of governmental physicians and dentists separate from other government employee's tort victims. One basis for this distinction is expressed within the statute. It provides "[t]hese higher limits and mandated coverages are recognition by the General Assembly of significantly higher damages in cases of medical malpractice." S.C. Code Ann. § 15-78-20(g) (Supp. 1990).

In reviewing a statute challenged on Equal Protection grounds, we give great deference to a legislatively created classification, and the classification will be sustained if it is not plainly arbitrary and there is any reasonable hypothesis to support it. *Samson,* at 367, 368 S.E. (2d) at 665. The part asserting the unconstitutionality of the statute has the burden of showing the classification is essentially arbitrary and without any reasonable basis. *Id.* at 363, 368 S.E. (2d) at 669. The objective of the SCTCA and its liability caps is to balance the need for services and demands for reasonable taxes against the fair reimbursement of injured tort victims. *Wright, supra.* The classification does not need to completely accomplish the legislative purpose with delicate precision in order to survive a constitutional challenge. *Duke Power Co. v. S.C. Public Service Comm.,* 284 S.C. 81, 326 S.E. (2d) 395 (1985).

Foster asserts the legislature's rationale for the higher liability limit for physicians and dentists is obviously erroneous since her damages were Three Million ($3,000,000) Dollars. Foster, however, misunderstands the test for determining if a classification is irrational. A broad legislative classification must be judged by reference to characteristics typical of the affected classes rather than by focusing on selected, atypical examples. *Califano v. Jobst,* 434 U.S.

47, 98 S. Ct. 95, 54 L.Ed. (2d) 228 (1977). The fact that the classification results in some inequity does not render it in violation of the Constitution. *State v. Smith*, 271 S.C. 317, 247 S.E. (2d) 331 (1978). Foster must offer evidence that the legislative finding of higher awards in actions of medical malpractice was unfounded and thus no rational basis for the classification existed. She has not met her burden of proof by the bare assertion that her damages are as high as damages that might be assessed against a physician or dentist. Therefore, the trial court verdict is affirmed.

HARWELL, Acting C.J., CHANDLER and FINNEY, JJ., and RANDALL T. BELL, Acting Associate Justice, concur.