23841

Edward J. CERNY and Betsy R. Cerny, appellant
v. Billy T. SALTER, Respondent.

(429 S.E. (2d) 809)

Supreme Court

*Bernard L. Friedman,* Columbia, *for appellant.*

*Billy T. Salter, Pro se.*

Submitted March 23, 1993.

Decided April 19, 1993.

CHANDLER, Justice:

In this appeal from the Master in Equity, Appellants (Cernys) challenge the constitutionality of S.C. Code Ann. § 15-41-30(11)(B) (Supp. 1992). We affirm.

### FACTS

The Cernys obtained a judgment against Respondent Billy Salter for $5,400 plus attorney's fees. The Cernys, in supplementary proceedings to collect the judgment, attempted to attach an annuity which Salter received from the settlement of a medical malpractice suit.

The Master held Salter's annuity from the malpractice suit exempt from attachment pursuant to S.C. Code Ann. § 15-41-30(11)(B) (Supp. 1992) (Homestead exemption), which provides:

> The following real and personal property of a debtor domiciled in this State is exempt from attachment, levy, and sale under any mesne or final process issued by any court or bankruptcy proceeding. (11) The debtor's right to receive or property that is traceable to:
>
> (B) a payment on account of bodily injury of the debtor or the wrongful death or bodily injury of another individual to whom the debtor was or is a dependent.

This appeal follows.

## ISSUES

1. Is S.C. Code Ann. § 15-41-30(11)(B) violative of the equal protection clauses of the United States and South Carolina Constitutions?
2. Does S.C. Code Ann. § 15-41-30(11)(B) violate due process and impair the obligation of contracts?

## DISCUSSION

### A. *Equal Protection and Due Process*

The Cernys first contend that § 15-4-30(11) denies them equal protection on the ground it serves no compelling government interest. We disagree.

In determining whether a statute violates equal protection, this Court accords "great deference to a legislatively created classification, and the classification will be sustained if it is not plainly arbitrary and there is any reasonable hypothesis to support it." *Foster v. Dept. of Hwys. & Pub. Transp.*, 306 S.C. 519, 413 S.E. (2d) 31, 36 (1992). The fact that the classification may result in some inequity does not render it unconstitutional. *Id.*

Here, the rationale for Homestead exemptions is well established: to protect from creditors a certain portion of the debtor's property. *Elliott v. Mackorell*, 19 S.C. 238 (1883). The absences of a monetary cap upon the exemption provided for in section (11)(B), unlike in other exemptions, does not render the statute invalid. The purpose of a

personal injury or wrongful death payment is to compensate the victim for something lost, rather than to provide a windfall award. The exemption does not violate the equal protection rights of creditors.

B. *Due Process and Impairment of Obligation of Contracts*

The Cernys next contend that § 15-41-30(11) violates due process and impairs the obligation of contracts since the section was enacted subsequent to Salter's obligation for the debt. In short, they argue that § 15-41-30(11) should not be applied retroactively to a debt obligation arising prior to the enactment of the statute.

This contention is without merit. Although § 15-41-30(11) was enacted March 28, 1988, the identical exemption has existed since 1981, codified as S.C. Code § 15-41-200. *See* 1981 Act No. 63. In 1988, the Legislature merely renumbered former § 15-41-200 as § 15-41-30 with slight grammatical changes only.

We affirm the Order of the Master in Equity and hold that Respondent is entitled to appellate costs pursuant to Rule 222, SCACR.

Affirmed.

HARWELL, C.J., and FINNEY and TOAL, JJ., concur.

MOORE, Acting J., not participating.