23936

AMERICAN SERVICE CORPORATION OF SOUTH CAROLINA, Appellant v. Bonnie L. HICKLE, Respondent.

(435 S.E. (2d) 870)

Supreme Court

*James O. Hale* of *Hale and Hale, P.A.*, Hilton Head Island, *for appellant.*

*H. Stanley Feldman*, North Charleston, *Terry A. Finger*, Hilton Head Island, *for respondent.*

Heard June 8, 1993.

Decided Sept. 20, 1993.

Reh. Den. Oct. 20, 1993.

CHANDLER, Justice:

American Service Corporation of South Carolina (American) appeals an Order holding that the Homestead Exemption Act, S.C. Code Ann § 15-41-30(11)(B) (Supp. 1992)[1] deprives Respondent Bonnie Hickle (Hickle), as a nonresident of this State, equal protection of the laws.[2]

We reverse.

## FACTS

In September, 1990, American obtained a $32,000 judgment against Hickle, then a South Carolina resident. Subsequent to the judgment, Hickle became a Virginia resident; American has been unable to collect its judgment.

Thereafter, Hickle settled a personal injury lawsuit in South Carolina for $125,000. American seeks to attach proceeds of the settlement in satisfaction of its judgment.

Trial court awarded Hickle the benefit of the exemption, holding that "to allow American to seize the settlement proceeds would be a denial of equal protection."

## ISSUE

Does the Homestead Exemption statute, in limiting the exemption for personal injury awards to South Carolina residents only, deprive nonresidents of this State equal protection of the laws?

## DISCUSSION

"In determining whether a statute violates the equal protection clauses of state and federal constitutions, we must give great deference to the classification passed by the legisla-

---

[1] Commonly referred to as the Homestead Exemption Statute, it reads, in part:

> The following real and personal property of a debtor *domiciled in this State* is exempt from attachment, levy, and sale under any mesne or final process issued by any court or bankruptcy proceeding.
> (11) The debtor's right to receive or property that is traceable to:
> (B) a payment on account of the bodily injury of the debtor or of the wrongful death or bodily injury of another individual of whom the debtor was or is a dependent. (Emphasis supplied).

[2] U.S. Const. art IV, § 2; S.C Const. art I § 3.

ture, and the classification will be sustained against constitutional attack if it is not plainly arbitrary and there is 'any reasonable hypothesis' to support it." *Smith v. Smith*, 291 S.C. 420, 424, 354 S.E. (2d) 36, 39 (1987) [citing *Gary Concrete Products, Inc., v. Riley*, 285 S.C. 498, 331 S.E. (2d) 335 (1985)]. Equal protection is satisfied if: "(1) the classification bears a reasonable relation to the legislative purpose sought to be effected; (2) the members of the class are treated alike under similar circumstances and conditions; and (3) the classification rests on some reasonable basis." *Samson v. Greenville Hospital System*, 295 S.C. 359, 364, 368 S.E. (2d) 665, 667 (1988).

Here, the classification of residents versus nonresidents satisfies the three-prong test in *Samson*: (1) it is reasonably related to the legislative purpose of protecting South Carolina residents from financial indigency; (2) the members of the classes are treated alike since all residents are entitled to the exemption; and, (3) the classification is reasonably based upon South Carolina's legitimate interest in preventing its citizens from becoming dependent upon the State for support.

The fact that a classification results in some inequity does not render it unconstitutional. *Foster v. S.C.D.H.P.T.*, 306 S.C. 519, 527, 413 S.E. (2d) 31, 36 (1992). A statute enacted pursuant to the legislature's powers is presumptively constitutional. *Nichols v. South Carolina Research Authority*, 290 S.C. 415, 351 S.E. (2d) 155 (1986).

In the recent case of *Cerny v. Salter*, — S.C. —, 429 S.E. (2d) 809 (1993), we noted that the rationale for homestead exemptions is "to protect from creditors a certain portion of the debtor's property." [Citing *Elliott v. Mackorell*, 19 S.C. 238 (1883)]. Moreover, this Court has previously held that a classification between resident and nonresident vendors is rationally related to the legitimate state interest of directing benefits to its citizens. *See Gary Concrete Products, Inc. v. Riley*, 285 S.C. 498, 331 S.E. (2d) 335 (1985).

We find no equal protection violation. The judgment below is

Reversed.

HARWELL, C.J., and FINNEY and MOORE, JJ., concur.

TOAL J., concurs in result in separate opinion.

Toal, Justice, concurring:

I concur in result with the majority. Under equal protection, the classification must bear a reasonable relation to the legislative purpose. *Gary Concrete Products Inc. v. Riley*, 285 S.C. 498, 506, 331 S.E. (2d) 335, 340 (1985) (Gregory and Chandler dissenting). The limitation of the exemptions to those domiciled in South Carolina prevents debtors from receiving the benefits of South Carolina exemption statute in addition to the exemptions of their home state. Further, the exemptions provided in the debtor's home state may be inconsistent with those provided for South Carolina residents. Accordingly, I agree that the limitation to South Carolina residents is not plainly arbitrary and, therefore, does not violate equal protection.