445 S.E.2d 439 (1994)
Tammi STRANGE and Jonnie F. Hudson, Respondents,
v.
S.C. DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.
No. 24082.
Supreme Court of South Carolina.
Heard February 16, 1994.
Decided June 6, 1994.
Russell T. Burke and W. David Kelly, both of Nexsen, Pruet, Jacobs & Pollard, Columbia, for appellant.
R. Bryan Barnes and Stacey M. Lynch, both of Sherrill and Rogers, Columbia, for respondents.
*440 FINNEY, Justice:
In this personal injury action, Appellant South Carolina Department of Highways and Public Transportation (Highway Department) contends the trial judge committed reversible error on several grounds. We disagree and affirm.

FACTS
Respondents brought an action against the Highway Department under the Tort Claims Act alleging that the Highway Department caused their car accident because it failed to properly maintain the shoulders along Dreher Island Road. The accident occurred on a rainy night shortly after the road had been resurfaced. The road was unpainted and covered with dark asphalt. The driver, Respondent Hudson, went off the side of the road. When she returned to the road, she lost control of the car and hit a telephone pole on the opposite side of the road. Respondent Strange was a passenger in the car. Both Respondents were injured in the accident.
The first trial in this matter ended in a jury verdict for Respondents. The Highway Department appealed and this Court reversed the jury's verdict and remanded for retrial. Strange v. South Carolina Department of Highways & Public Transportation, 307 S.C. 161, 414 S.E.2d 138 (1992). The retrial also resulted in a jury verdict for Respondents. This appeal follows.

DISCUSSION
Appellant Highway Department asserts the trial court erred by denying its directed verdict and judgment notwithstanding the verdict (JNOV) motions because the judge should have found as a matter of law that the acts of striping the side lines, building up the shoulders after resurfacing and warning of low shoulders are all discretionary acts which are protected under the South Carolina Tort Claims Act. S.C.Code Ann. § 15-78-60 (Supp.1993). We disagree.
The following cases are dispositive in addressing the issue of discretionary immunity. Foster v. S.C. Highways and Public Transportation, 306 S.C. 519, 413 S.E.2d 31 (1992) and Niver v. S.C. Department of Highways & Public Transportation, 302 S.C. 461, 395 S.E.2d 728 (Ct.App.1990). Discretionary immunity is contingent on proof that the Highway Department, faced with alternatives, actually weighed competing considerations and made a conscious choice. Niver, supra. The governmental entity must show that in weighing the competing considerations and alternatives, it utilized accepted professional standards appropriate to resolve the issue before it. Foster, supra. There was no evidence in this case that the Highway Department weighed competing considerations and exercised accepted professional standards as required by Foster.
In ruling on motions for directed verdict and JNOV, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where either the evidence yields more than one inference or its inference is in doubt. Vacation Time of Hilton Head Inc. v. Lighthouse Realty, Inc. 286 S.C. 261, 332 S.E.2d 781 (Ct. App.1985). The trial court can only be reversed by this Court when there is no evidence to support the ruling below. Id. The evidence taken in the light most favorable to Respondents shows that the Highway Department did not consciously weigh competing considerations or utilize accepted professional standards. Therefore the court did not err in submitting the case to the jury.
Next, the Highway Department argues that the trial court incorrectly placed the burden of establishing discretionary immunity as an affirmative defense on the Highway Department. We disagree. The burden of establishing a limitation upon liability or an exception to the waiver of immunity is upon the governmental entity asserting it as an affirmative defense. Foster, supra; Niver, supra. Accordingly, the trial court did not err in placing the burden of proof on the Highway Department.
The Highway Department further contends the trial court erred by ruling that a stipulation agreed to by the parties during the first trial did not bind Respondents at *441 the second trial. The parties agreed at the first trial to stipulate that the Highway Department had actual notice that certain portions of Dreher Island Road had low shoulders. Respondents also agreed at that trial not to present any testimony about other accidents occurring on the same road.
During the first attempt to retry the case, the trial judge issued a consent order prior to granting a motion for mistrial. The order stated in pertinent part:
[T]he parties agree that the stipulation used in the first trial of the case is of continued effect. The exact language of this stipulation is as follows:
The Highway Department had actual notice by December 14, 1987, that certain portions of Billy Dreher Island Road had low shoulders, including those that are relevant to this action.
The consent order did not mention any agreement to limit testimony concerning other accidents.
"Whether or not a party to an action may be relieved from stipulations entered into in the course of judicial proceedings is addressed to the sound judicial discretion of the trial judge, and the determination of the question of granting such relief will not ordinarily be interfered with by an appellate court except where there is a manifest abuse of discretion." Edens v. Cole, 261 S.C. 556, 201 S.E.2d 382 (1973).
Based on the literal language of the consent order, there was no longer a stipulation to limit testimony. Additionally, the Highway Department's motion to exclude testimony of other accidents was pending when the consent order was issued. Thus, we find the trial court did not abuse his discretion in finding that the Respondents were not bound by the earlier stipulation excluding testimony of other accidents on the same road.
We do not address the remaining arguments raised by appellant. We find they are manifestly without merit. Rule 220(b)(2), SCACR. Accordingly, the judgment is
AFFIRMED.
CHANDLER, Acting C.J., TOAL and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.