694 S.E.2d 541

**Phillip CHASTAIN, as Personal Representative of the Estate of Ruth Chastain, Appellant,**

v.

**ANMED HEALTH FOUNDATION, a/k/a Anderson Area Medical Center, Inc., Jennifer Wright, RN, Cindy Wilson, RN, Janet Kincaid, RN, Marilyn Crawford, RN, Kris Burris, RN and Kristina Goldsmith, RN, Respondents.**

**No. 26829.**

Supreme Court of South Carolina.

Heard April 7, 2010.

Decided June 14, 2010.

Joseph G. Wright, III, and Chad A. McGowan, both of McGowan, Hood and Felder, of Anderson, and F. Patrick Hubbard, of Columbia, for Appellant.

Andrew F. Lindemann, of Davidson & Lindemann, of Columbia, Attorney General Henry Dargan McMaster, and Assistant Deputy Attorney General J. Emory Smith, both of Columbia, and V. Clark Price and Fred W. Suggs, III, both of Greenville, for Respondents.

PER CURIAM.

Appellant Ruth Chastain appeals orders reducing her verdict against respondent AnMed to $300,000 pursuant to a statutory cap and upholding the constitutionality of that cap. On appeal, she challenges the decision to reduce the verdict and also argues that the statutory caps violate several constitutional provisions. We affirm.

## FACTS

Appellant was hospitalized for circulatory problems at AnMed where she was under the care of the six defendant nurses. Appellant's left leg was eventually amputated while she was at AnMed,[1] and she developed a sacral pressure sore. Appellant's condition worsened, and at her family's request she was transferred to another medical facility shortly after her pressure sore was surgically debrided at AnMed. When

---

1. Her right leg had been amputated above the knee in 1996.

appellant arrived at the second facility her extremely large infected sore was classified as Stage IV, the most severe stage. Appellant remained at the second facility for eight and a half months, and then spent the next 316 days in other medical facilities.

Appellant brought this medical malpractice suit against AnMed, a charitable institution, and the six nurses. The jury returned a verdict for appellant against AnMed for $2.2 million dollars, and found appellant was 30% at fault. Since the jury found none of the nurses guilty of "reckless, wilful, or grossly negligent" care, they were not found individually liable. See S.C.Code Ann. § 33–56–180(A) (2006) (employee of charitable organization individually liable only for gross negligence).

The trial judge reduced the jury verdict to $1.54 million to reflect appellant's contributory negligence. AnMed moved to reduce the verdict to $300,000 pursuant to a statutory cap. Appellant opposed the motion, arguing the cap did not apply and/or that such a reduction would be unconstitutional. The trial judge granted AnMed's motion and reduced the verdict to $300,000. After appellant's post-trial motion was denied, she filed this appeal.

AnMed is a charitable organization under the "South Carolina Solicitation of Charitable Funds Act," S.C.Code Ann. §§ 33–56–10 to –200 (2006) (CFA). Section 33–56–180(A) provides:

A person sustaining an injury or dying by reason of the tortious act of commission or omission of an employee of a charitable organization, when the employee is acting within the scope of his employment, may recover in an action brought against the charitable organization only the actual damages he sustains in an amount not exceeding the limitations on liability imposed in the South Carolina Tort Claims Act in Chapter 78 of Title 15. An action against the charitable organization pursuant to this section constitutes a complete bar to any recovery by the claimant, by reason of the same subject matter, against the employee of the charitable organization whose act or omission gave rise to the claim unless it is alleged and proved in the action that the employee acted in a reckless, willful, or grossly negligent

manner, and the employee must be joined properly as a party defendant. A judgment against an employee of a charitable organization may not be returned unless a specific finding is made that the employee acted in a reckless, willful, or grossly negligent manner. If the charitable organization for which the employee was acting cannot be determined at the time the action is instituted, the plaintiff may name as a party defendant the employee, and the entity for which the employee was acting must be added or substituted as party defendant when it reasonably can be determined.

Under the Tort Claims Act (TCA), recovery for an individual plaintiff is limited to $300,000 per occurrence, unless the tortfeasor is a licensed physician or dentist in which case the cap for an individual plaintiff is $1.2 million per occurrence. S.C.Code Ann. §§ 15–78–120(a)(1) and (a)(3) (2005). "Occurrence" is defined in the TCA as "an unfolding sequence of events which proximately flow from a single act of negligence." § 15–78–30(g).

## ISSUES

1) Did the trial judge err in reducing the verdict from $1.54 million to $300,000?

2) Does the statutory limitation on appellant's recovery violate the equal protection clauses, the right to trial by jury, the right to a speedy remedy, or the constitutional requirement of separation of powers?

## ANALYSIS

### 1. *Verdict Reduction*

■ The trial judge reduced appellant's recovery to $300,000, finding there was only one "occurrence" and thus § 15–78–120(a)(1) operated to reduce the award pursuant to § 33–56–180(A) ("actual damages ... in an amount not exceeding the limitations on liability imposed in [§ 15–78–120]"). The trial judge reasoned the intent of the CFA was to limit the amount of damages recoverable from a charitable organization, and that to read the term " 'occurrence' to include every incident where the defendant nurses violated the appli-

174

cable standard of care [2] would clearly defeat the legislature's [intent]...." Alternatively, the judge held that based on the jury charge and verdict form, it was impossible to determine the number of negligent acts or negligent nurses found by the jury and thus only one recovery was appropriate.

On appeal, appellant challenges both grounds. We find it necessary to uphold only one ground in order to affirm the trial judge's decision to reduce the verdict. *E.g., South Carolina Dist. Council of Assemblies of God v. River of Life Internat'l Worship Center*, 372 S.C. 581, 643 S.E.2d 104 (Ct.App.2007). We hold that the general jury verdict supports the trial judge's decision, and affirm.

In her post-trial order, the judge gave as one reason for reducing appellant's award the impossibility of determining from the jury instruction and verdict forms whether the jury found one or more than one nurse had rendered negligent care to appellant. Thus, she held, it was impossible to conclude that the jury had found more than one occurrence. Appellant now contends that AnMed bore the burden of proving there was only one occurrence. We disagree.

█ Just as in any tort action, a CFA plaintiff bears the burden of proof. If she alleges multiple occurrences, that is, that there was more than one single act of negligence from which proximately flowed an unfolding sequence of events, she bears the burden of proving each occurrence. Here, the jury was never instructed on the definition of occurrence nor was it asked to determine whether there was more than one occurrence, either in the instructions or in its verdict. The trial judge correctly reformed this verdict to reflect a single occurrence.

## 2. *Constitutional Challenges*

Appellant contends that application of the $300,000 cap to her recovery violates the equal protection clauses of the state and federal constitutions, her right to trial by jury,[3] her right

---

**2.** Appellant's expert testified to 2,372 deviations from the standard of care.

**3.** S.C. Const. art. I, § 14.

to a speedy remedy,[4] and the constitutional requirement of separation of powers.[5]  We granted appellant's petition to argue against certain precedents which have decided these issues adversely to her position.  After careful consideration, we adhere to those precedents and affirm the trial court's ruling upholding the cap's constitutionality pursuant to *Doe v. Am. Red Cross Blood Servs.*, 297 S.C. 430, 377 S.E.2d 323 (1989) (upholding predecessor charitable immunity statutory cap against equal protection challenge); *Wright v. Colleton County Sch. Dist.*, 301 S.C. 282, 391 S.E.2d 564 (1990) (rejecting equal protection, jury trial, speedy remedy, and separation of powers challenges to TCA caps); *Foster v. S.C. Dep't of Highways & Pub. Transp.*, 306 S.C. 519, 413 S.E.2d 31 (1992) (differential medical caps constitutional); *Giannini v. S.C. Dep't of Transp.*, 378 S.C. 573, 664 S.E.2d 450 (2008) (limits on recovery for governmental tort victims do not violate equal protection).

## Conclusion

The circuit court's orders reducing appellant's verdict to $ 300,000 and denying appellant's constitutional challenges are

**AFFIRMED.**

---

4.  S.C. Const. art. I, § 9.

5.  S.C. Const. art. I, § 8.