**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. and Jack Love, individually, and on behalf of all others similarly situated, Appellants,

v.

Island Pointe, LLC, Complete Building Corporation, Tri-County Roofing, Inc., WC Services, Inc., Miracle Siding, LLC and Wilson Lucas Sales d/b/a Miracle Sliding, LLC, Elroy Alonzo Vasquez, JMC Construction, Inc., JMC Construction, LLC, Defendants,

of which WC Services, Inc. is the Respondent.

Appellate Case No. 2019-001520

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-014
Heard September 15, 2022 – Filed January 11, 2023

———————

**AFFIRMED**

———————

Justin O'Toole Lucey, Joshua Fletcher Evans, and Sohayla Roudsari Townes, all of Justin O'Toole Lucey, P.A., all of Mount Pleasant; Stephanie D. Drawdy, of Justin O'Toole Lucey, P.A., of Summerville; and Edward

D. Buckley, Jr. and Russell Grainger Hines, both of
Clement Rivers, LLP, both of Charleston, all for
Appellants.

James A. Atkins, of Clawson & Staubes, LLC, of
Charleston, for Respondent.

---

**PER CURIAM:** This is an appeal in a construction defect case. The plaintiffs are
the property owners' association (POA) and one owner, individually and on behalf
of others similarly situated, in a development of twenty duplexes. We refer to all
plaintiffs as "the POA."

Claims against several defendants went to the jury. This appeal concerns the POA's
claims against WC Services, Inc. (WCS). WCS is the subcontractor that was
responsible for supplying and installing fire sprinkler systems in all of the units. The
POA's claims against WCS are the only ones that resulted in a defense verdict. We
affirm.

**Directed Verdict, Judgement Notwithstanding the Verdict, and New Trial**

The POA argues that it was entitled to a directed verdict against WCS on liability.
It claims that WCS violated the standard of care in three distinct ways. First, it
argues WCS violated the City of Folly Beach's (Folly Beach's) building code by
failing to install sprinklers in the attics of each unit. Second, it argues WCS violated
the building code by failing to install the sprinkler systems in accordance with the
plans developed and approved by the fire prevention engineer. Third, it argues the
sprinkler system was installed with defective parts.

We respectfully disagree with these arguments. We first address the lack of attic
sprinklers.

There is a reasonable inference the developer was instructed that it did not need to
include sprinklers in the attics. A key piece of evidence is a memo—the "Hall
Letter"—memorializing a meeting between the developer, the fire chief, and a local
building official. The letter begins by referencing Folly Beach's local sprinkler
system requirements, but after that, the letter explains the development's sprinkler
systems must comply with a national standard. That standard does not require attic
sprinklers in this situation. Then, the letter references two particular provisions (and
only those two provisions) of the local sprinkler ordinance. We agree with WCS

that it is possible to read the letter as informing the developer that the national standard applies and (by implication) that attic sprinklers are not required.

We emphasize that we must view the evidence in the light most favorable to WCS. *See Strange v. S.C. Dep't of Highways & Pub. Transp.*, 314 S.C. 427, 429-30, 445 S.E.2d 439, 440 (1994) ("In ruling on motions for directed verdict and JNOV, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where either the evidence yields more than one inference or its inference is in doubt."). The parties dispute whether the Hall Letter is or is not an official "variance" from the building code. We do not think that distinction matters. As noted above, it is possible to read the letter as a communication that Folly Beach was requiring the individual units in this development to comply with NFPA 13D, the national standard. And beyond that, we cannot overlook the fact that the development was periodically inspected throughout the construction process and that building officials ultimately certified the units as fit for occupancy. This is some evidence the officials deemed the units as complying with the applicable code. The trial court properly held this was a jury question. *See id*. at 430, 445 S.E.2d at 440 ("The trial court can only be reversed by this [c]ourt when there is no evidence to support the ruling below."); *Burns v. Universal Health Servs., Inc.*, 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("When considering a JNOV motion, neither an appellate court, nor the trial court has authority to decide credibility issues or to resolve conflicts in the testimony or the evidence."); *id*. ("A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict."); *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009) (holding motions for a new trial are subject to the discretion of the trial court under an abuse of discretion standard of review).

Next, we address the argument that the "as built" sprinkler system deviates from the plans. While it is difficult to believe that the only approved set of plans in the record are not the final plans approved by a licensed engineer, we hold the trial court did not err in letting this issue go to the jury. *See Strange*, 314 S.C. at 429-30, 445 S.E.2d at 440 ("In ruling on motions for directed verdict and JNOV, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where either the evidence yields more than one inference or its inference is in doubt."); *id*. at 430, 445 S.E.2d at 440 ("The trial court can only be reversed by this Court when there is no evidence to support the ruling below."). WCS's expert testified that changes to design plans regularly occur in the field and that a building official always ensures that the installed system conforms to the plans before

approving the system. This expert said building officials must have permitted changes to the original design because the project successfully received the national standard certificate of material and testing, which is completed by the sprinkler subcontractor and either a representative of the owner or the building official after physically inspecting and pressure testing the installed system. We hold that a jury could reasonably infer that the final plans for the project differed from the plans that were placed into evidence at trial.

Last, we address the argument that the sprinkler system was installed with defective parts. Here as well, there is competing evidence. One witness testified improper backflow preventers were used and that this would be a building code violation, but another witness testified he did not see any improper backflow preventers, did not know where the picture of an agricultural backflow valve at one of the duplexes came from, and did not know who installed the agricultural backflow valve. Due to the competing evidence, the trial court properly allowed this issue to go to the jury.

**Jury Charges**

The POA argues the trial court abused its discretion in refusing to give its requested jury charges 38 and 39. It claims these charges accurately stated the law and were supported by the evidence.

This issue is not properly before us. While it is uncontested that the POA requested these charges over email and that the trial court did not charge them, the record does not contain any arguments for, arguments against, or rulings on these charges until the POA's motion for a new trial and the trial court's subsequent Form 4 order denying that motion. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("Appellant has the burden of providing [an appellate court] with a sufficient record upon which [the appellate court] can make its decision.").

Even so, the trial court adequately charged the jury with respect to South Carolina law. We believe charge 38, stating the international residential code does not nullify any provision of a local ordinance, was generally covered by the court's charge on negligence per se. *See Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 547, 462 S.E.2d 321, 330 (Ct. App. 1995) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *Sanders v. W. Auto Supply Co.*, 256 S.C. 490, 497, 183 S.E.2d 321, 325 (1971)

(requiring a new trial only if the applicable principle was "not otherwise covered by the charge").

As to charge 39, which would have charged the Folly Beach sprinkler ordinance, we believe that given the jury charge as a whole and in light of the evidence and issues presented at trial, the trial court did not abuse its discretion. The key issue for attic sprinklers was the developer's argument that it had been led to believe attic sprinklers were not required. Here, the issue was what the Hall Letter said. The terms of the local ordinance were not in dispute. *See Bragg*, 319 S.C. at 547, 462 S.E.2d at 330 ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial.").

**Hearsay**

The POA argues the trial court erred in allowing the general contractor's repair expert to imply that the fire chief told him attic sprinklers were not required. The POA argues the substance of that conversation was inadmissible hearsay.

"[T]he improper admission of hearsay is reversible error only when the admission causes prejudice." *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 470, 494 S.E.2d 835, 846 (Ct. App. 1997). There was a mountain of testimony in this case that people involved in this development were under the impression that attic sprinklers were not required. Indeed, another expert testified later and gave similar testimony after explaining that information from someone like the fire chief was information that experts in his field reasonably relied upon when forming opinions regarding fire code issues as well as the design and installation of fire sprinkler systems. *See id*. ("Where the hearsay is merely cumulative to other evidence, its admission is harmless."). For these reasons, we find the testimony in question did not prejudice the POA, and thus, its admission is not reversible error.

**AFFIRMED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**