2199

Richard T. QUILLIAN, Appellant v. Parker EVATT, Commissioner, SCDC, and Tony L. Strawhorn, Director of Community Services, Respondents.

(445 S.E. (2d) 639)

Court of Appeals

---

*Richard T. Quillian, pro se.*

*William H. Davidson, II* and *Andrew F. Lindemann,* both of *Ellis, Lawhorne, Davidson & Sims,* Columbia, *for respondents.*

Submitted Mar. 8, 1994.

Decided April 13, 1994.

*Per Curiam:*

Richard T. Quillian appeals the Department of Corrections' denial of his application for entry into the "work release" program. He thereafter commenced the present action, alleging claims under 42 U.S.C. § 1983 and the State Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq. (Supp. 1993). The trial judge granted summary judgment to the respondents. We affirm.

Claims under 42 U.S.C. § 1983 are not available for all alleged torts of state officials or injuries allegedly suffered at the hands of state officials. Rather, such claims are limited to violations of rights protected by the United States Constitution and federal law. E.g., *White v. Thomas*, 660 F. (2d) 680 (5th Cir. 1981), cert. denied, 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed. (2d) 148 (1982). Participation in a work-release program is a privilege, not a right. *Gunter v. State*, 298 S.C. 113, 378 S.E. (2d) 443 (1989), overruled in part on other grounds, *Griffin v. State*, — S.C. —, 433 S.E. (2d) 862 (1993) (ex post facto clause precludes retroactive application of change in timetable for review of parole eligibility). Thus, the denial of participation in a work-release program, standing alone, affords no basis for a claim under 42 U.S.C. § 1983.

As to the Department, it is immune from liability under the discretionary immunity afforded by S.C. Code Ann. § 15-78-60(5) (Supp. 1993). The decision to grant or deny an application for participation in the work-release program clearly involves "the exercise of discretion or judgment" protected by § 15-78-60(5). See S.C. Code Ann. § 24-3-20(b) (1989) (Board of Corrections "may" grant work-release when it "determines that the character and attitude of a prisoner reasonably indicates that he may be so trusted . . . ."); *see also Gunter*, 298 S.C. at 116, 378 S.E. (2d) at 444 ("The Board of Corrections has discretion whether to allow an inmate even to participate in a work release program.") (emphasis added); cf. *Davis v. State*, 274 S.C. 549, 265 S.E. (2d) 679 (1980) (Board, rather than sentencing judge, is to "determine" a prisoner's eligibility under § 24-3-20). Contrary to the appellant's argument, the record conclusively demonstrates the Department engaged in the conscious decision making required by law. *See Foster v. South Carolina Dep't of Hwys. and Pub. Transp.*, 306 S.C. 519, 413 S.E. (2d) 31 (1992), citing *Niver v. South Carolina Dep't of Hwys. and Pub. Transp.*, 302 S.C. 461, 395 S.E. (2d) 728 (Ct. App. 1990).

On appeal, Quillian argues numerous other issues including raising claims under 42 U.S.C. § 1983, denial of due process, denial of equal protection, and retaliation for exercise of constitutional rights. None of these issues are preserved for appeal. He failed to raise many of these issues to the trial judge. More importantly, the trial judge did not rule on any of these

issues, nor did Quillian seek rulings by posttrial motions, therefore, this court cannot consider these issues on appeal.

Accordingly, the appealed order is

Affirmed.