481 S.E.2d 452

**The STATE, Appellant,**

v.

**Frank Rion BLICK, Respondent.**

**No. 2632.**

Court of Appeals of South Carolina.

Heard Jan. 9, 1997.
Decided Feb. 3, 1997.

Amie L. Clifford, Assistant Solicitor, of North Charleston; and David P. Schwacke, Moncks Corner, for appellant.

Joseph L. Savitz, of the South Carolina Office of Appellate Defense, Columbia, for respondent.

HUFF, Judge.

Respondent, Frank Rion Blick, was indicted for the crime of escape. On December 6, 1995, he appeared before the circuit court to plead guilty as charged. The trial judge, *sua sponte,* dismissed the charge, finding respondent had already been punished administratively for the escape, and the criminal prosecution was therefore barred by double jeopardy. The State appeals. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent was serving time for grand larceny and second degree burglary when he was accepted into the extended work release program of the South Carolina Department of Corrections (Department). Pursuant to his release, he signed an agreement with the Department setting forth the regulations under which he was to live. Respondent was allowed to go to work but was subject to a curfew and was required to be at home at a certain time. On January 27, 1995, an officer called his home at 10:00 a.m. and was told by respondent's father that he would be home in twenty minutes. The officer continued calling through January 29 but was unable to reach respondent. When respondent returned home on the evening of January 29, his father told him the officer had been calling and he was to return to the work release center. Respondent called the center that evening and was told to report immediately. Respondent waited until the next day to report and was taken back into custody.

On February 13, 1995, a Department administrative hearing was held where respondent was charged with escape without force and abuse of privilege. The Adjustment Committee found respondent guilty of both charges. As a result, respondent was placed in administrative segregation for a total of

120 days and suffered good time credit loss of 60 days.[1]

Respondent was indicted on May 8, 1995 for escape and appeared before the trial judge on December 6, 1995, to enter a plea. After respondent pled guilty and the trial judge accepted the plea, counsel for both the State and the defendant discussed the circumstances surrounding the case. Defense counsel indicated there was a disagreement as to whether the facts of the case constituted escape. He stated he had believed it to be merely an administrative violation for which respondent spent "four months locked down" and "[t]hey added 90 days onto his sentence."[2] At this point, the following colloquy occurred:

THE COURT: It's double jeopardy. He has been punished. Thank you very much. Next case, please.

[SOLICITOR]: Your Honor, may I ask you a question? A dismissal or no sentence?

THE COURT: No sentence. It's dismissed. He also suffered administratively. Double jeopardy.

[SOLICITOR]: Just for the record, obviously we have to object. We don't think it is double jeopardy.

THE COURT: I understand your position. It's gone.

## ISSUE

On appeal, the State contends the trial judge erred in finding the criminal prosecution of respondent violated the constitutional proscription against double jeopardy based on the prior prison disciplinary proceeding. We agree.

## LAW/ANALYSIS

■ The Fifth Amendment to the United States Constitution provides that "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. This double jeopardy clause protects

---

1. Although defense counsel indicated to the trial judge that respondent had 90 days added to his sentence, the record shows only that he was subjected to 120 days of administrative segregation and loss of 60 days of good time credits.

2. As previously noted, the record does not support the assertion that 90 days was added to respondent's sentence.

against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *McMullin v. South Carolina Dept. of Rev. and Tax.*, 321 S.C. 475, 469 S.E.2d 600 (1996) (Davis Adv.Sh. No. 9 at 6). At issue here is whether prosecution for the crime of escape, after being disciplined by prison authorities for the same conduct, constitutes multiple punishment for the same offense for double jeopardy purposes.

Although this precise issue has not heretofore been squarely addressed by our own Supreme Court, it has been raised in numerous other state and federal jurisdictions. A reading of these various cases reveals uniform acceptance of the proposition that prison disciplinary proceedings do not constitute a double jeopardy bar to subsequent criminal prosecution based on the same acts. *See State v. Kjeldahl,* 278 N.W.2d 58 (Minn.1979) (wherein the Supreme Court of Minnesota, in accepting the above proposition, noted numerous other jurisdictions had, almost without exception, held that a federal or state charge for escape is not barred by the prior imposition of administrative discipline by prison authorities). *See also Patterson v. United States,* 183 F.2d 327 (4th Cir.1950), *cert. denied,* 340 U.S. 893, 71 S.Ct. 200, 95 L.Ed. 647 (1951) (criminal prosecution for the crime of escape is not prohibited under the double jeopardy clause of the fifth amendment because a convict guilty thereof has upon his recapture been subjected to discipline by the prison authorities for the violation of prison discipline involved); *United States v. Hedges,* 458 F.2d 188 (10th Cir.1972) (administrative punishment does not render a subsequent judicial prosecution violative of the fifth amendment prohibition of double jeopardy); *United States v. Newby,* 11 F.3d 1143 (3d Cir.1993) (disciplinary sanctions imposed by prison authorities for infractions of prison regulations do not bar a subsequent criminal prosecution); *Wild v. Commonwealth,* 18, Va.App. 716, 446 S.E.2d 626 (1994) (administrative punishment imposed by prison officials does not render the subsequent judicial proceeding violative of the prohibition against double jeopardy). Further, our Supreme Court implicitly accepted this proposition in *Pruitt v. State,* 274 S.C. 565, 266 S.E.2d 779 (1980), wherein the court held prison authorities were not required to refer major rules

violations, such as an assault on an officer, to the local solicitor for criminal prosecution as opposed to handling the violations administratively. The court specifically stated that "[the] initiation of criminal process against [the inmate] is certainly not foreclosed by a prior administrative disposition." 274 S.C. at 570, 266 S.E.2d 779.

Respondent contends under the U.S. Supreme Court case of *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), a prosecution for escape after he was taken off extended work release and reincarcerated would violate the prohibition against double jeopardy. We disagree.

In *Halper*, the defendant had been punished in a criminal prosecution for submitting false Medicare claims. The government thereafter brought a civil action against the defendant under the False Claims Act, which subjected a violator to a civil penalty of $2,000, an amount equal to two times the amount of damages the government sustains because of the violation, and costs of the civil action. Having violated the Act 65 separate times, the defendant was subjected to a statutory penalty of over $130,000, although the government's actual loss appeared to be only $585, plus the costs of the action, amounting to a total of approximately $16,000. The court held, under the Double Jeopardy Clause, a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution. The court noted whether a civil penalty would constitute punishment for purposes of the Double Jeopardy Clause can be determined only by assessing the character of the actual sanctions imposed on the individual by the machinery of the state. *Halper*, 490 U.S. at 447, 109 S.Ct. at 1901. It is the purpose actually served by the sanction in question that must be evaluated, not the underlying nature of the proceeding giving rise to the sanction. *Id.* at 447, n. 7, 109 S.Ct. at 1901, n. 7. Thus, the determination of whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. *Id.* at 448, 109 S.Ct. at 1901–02.

Assuming the *Halper* case applies to the case at hand, like other courts, we find the decision does not obviate the general rule that administrative punishment imposed by prison officials does not render a subsequent judicial proceeding violative of the prohibition against double jeopardy. *Halper* did not hold that an administrative disciplinary proceeding renders a subsequent criminal prosecution violative of the Double Jeopardy Clause, but simply addressed the narrow circumstances in which imposition of a civil penalty may constitute punishment for purposes of double jeopardy. *Wild v. Commonwealth, supra.* Under *Halper,* a civil as well as a criminal sanction constitutes punishment for double jeopardy purposes only where the sanction as applied serves the goal of punishment. *State v. Thrift,* 312 S.C. 282, 440 S.E.2d 341 (1994). Where a civil sanction is remedial in nature and not merely punitive, it does not run afoul of double jeopardy to pursue the civil sanction. *Id.*

The purpose of a prison disciplinary proceeding is to maintain institutional order rather than to prosecute criminal conduct. *United States v. Newby, supra.* The adoption and execution of policies and practices necessary to preserve internal order and discipline, and to maintain institutional security in the prison are within the province and expertise of correctional officials. *Id.* at 1146. If a prison disciplinary sanction were to bar subsequent criminal prosecution, prison authorities would be forced to choose between instituting a disciplinary proceeding or awaiting a criminal prosecution. The difficulties and delay that may be entailed in a criminal prosecution would hinder prison administration and discipline. *Id.* at 1146. Thus, as a general rule, a prison disciplinary sanction will not bar subsequent criminal prosecution. *Id.* at 1146. Looking at the particular facts of this case, we find the loss of 60 days of good time credit and the imposition of 120 days of administrative segregation is not so divorced from the remedial goal of the government to encourage good conduct and maintain order in the prison as to constitute punishment for double jeopardy purposes.

Respondent, however, argues his case is unique because he suffered a "loss of actual liberty" since he was out on

extended work release but then returned to incarceration as a result of the infraction. We disagree.

■ The Board of Corrections has discretion in determining whether to allow an inmate to participate in a work release program. *Quillian v. Evatt*, 315 S.C. 489, 445 S.E.2d 639 (Ct.App.1994). Participation in a work release program is a privilege, not a right. *Id.* Respondent's participation was governed by an agreement that he comply with certain restrictions. Respondent violated the agreement and the inmate rules by failing to comply with the restrictions. These rules are established to maintain order and discipline in the institution. Removal of respondent from the work release program was not a loss of his right to liberty, for that was lost as a result of his conviction for burglary and grand larceny. Rather, it was a loss of the privilege he had previously earned. We therefore find no merit to this argument.

■ Respondent also contends the State's argument is procedurally barred because the objection to the trial judge's ruling was too general to preserve it for appeal. We find this argument to be meritless as well. The record reflects the trial judge ruled that respondent's administrative hearing barred the subsequent criminal prosecution on double jeopardy grounds. The State specifically objected to this ruling, stating its position that such did not constitute double jeopardy. The trial judge made his ruling clear and it is evident from the record that further argument from counsel was not invited. Accordingly, we find the objection sufficient to preserve the issue raised on appeal.

The order below dismissing the escape charge is reversed and the case remanded. Based on our reversal as to the double jeopardy issue, we need not address the other argument of the State.

**REVERSED AND REMANDED.**

GOOLSBY and CONNOR, JJ., concur.