644 S.E.2d 728

**ELEPHANT, INC., Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Respondent.**

No. 26321.

Supreme Court of South Carolina.

Heard April 4, 2007.

Decided April 30, 2007.

Randall Scott Hiller, of Greenville, for Appellant.

Harry A. Hancock, of Columbia, for Respondent.

Justice WALLER.

This is an appeal from an order of the circuit court, which affirmed the ruling of the Administrative Law Court (ALC), and held that Elephant, Inc., violated S.C.Code Ann. Reg. § 7–200.4, in transferring alcohol to an under-aged confidential informant (CI).[1]  Elephant appeals.  We affirm.

## FACTS

Elephant owns Platinum Plus, a bar in Greenville, SC. On January 21, 2005, South Carolina Law Enforcement (SLED) agents sent an undercover, nineteen-year old confidential informant (CI) into Platinum Plus. Employees of the bar checked the CI's driver's license at the door and noted that he

---

1. S.C.Code Reg. 7–200.4, concerning the possession of alcoholic beverages by minors under 21 years old, makes the following a violation of the owner's beverage license:

   To permit or knowingly allow a person under twenty-one year of age to purchase or possess or consume alcoholic liquors, beer or wine in or on a licensed place of business which holds a license or permit issued by the Department is prohibited and constitutes a violation against the license or permit.   Such violation shall be sufficient cause to suspend or revoke the license or permit by the Department.

was under twenty-one years of age. They confiscated the CI's driver's license, put wristbands on his wrists, and stamped large X's on the back of his hands. The CI then walked to the bar, ordered, paid for, and was served a Coor's Light beer. Upon observing this, a Platinum Plus employee immediately walked over to the CI and attempted to confiscate the beer. However, the employee was stopped by SLED agents, and the bartender was arrested for serving alcohol to the minor CI. An administrative citation was issued to Elephant, Inc. for violation of Reg. 7–200.4.

The bartender was subsequently charged with transferring beer to a minor under the age of twenty-one and was found not guilty. Elephant, Inc. was issued a $1000.00 fine by the Department of Revenue. On appeal, the ALC reduced the fine to $100.00, finding the fine excessive in light of Elephant's corporate policy attempting to prevent the sale or possession of alcohol by minors. Elephant appeals, contending it is not subject to "prosecution" because the minor CI was never prosecuted for under-age possession.

## DISCUSSION

S.C.Code Ann. § 61–4–10 et seq. sets forth general provisions governing beer, ale, porter and wine. Pursuant to S.C.Code Ann. § 61–4–50:

It is unlawful for a person to **sell** beer to a person under twenty one years of age. A person who makes a sale in violation of this section must, upon conviction, be fined not less than one hundred dollars nor more than two hundred dollars or imprisoned not less than thirty days nor more than sixty days, or both, in the discretion of the court.

(Emphasis supplied). Under S.C.Code Ann. § 61–4–90:

It is unlawful for a person to **transfer** or give to a person under the age of twenty one years for the purpose of consumption beer or wine at any place in the State. A person who violates this section is guilty of a misdemeanor and, upon conviction, must be fined not more than two hundred dollars or imprisoned not more than thirty days.

(Emphasis supplied). S.C.Code Ann. § 61–4–100 provides, in pertinent part:

**If a person is charged with a violation of Section 61–4–50 (the unlawful sale of beer or wine to minors), the minor**

**must also be charged with a violation** of Section 20–7–8920 (unlawful purchase or possession of beer or wine)....

Unless the provisions of this section are complied with, **no person charged with a violation of Section 61–4–50 may be convicted of the offense.**

(Emphasis supplied).

Elephant argues that because the under-aged CI was not prosecuted, it cannot be prosecuted either criminally or administratively. We disagree. Section 61–4–100 requires only that if a person is charged with a violation of § 61–4–50 (the unlawful sale of beer or wine to minors), the minor must also be charged with a violation of Section 20–7–8920 (unlawful purchase or possession of beer or wine). Noticeably, § 61–4–100 does not require that when a person is charged with the transfer of beer or wine to a minor (under § 61–4–90), that the minor must also be charged with charged with a violation. There is a legitimate basis for the distinction between the two offenses. The sale of beer to minors in violation of § 61–4–50 is punishable by up to sixty days imprisonment, thereby making it a general sessions offense, whereas a violation of § 61–4–90 carries a maximum thirty day sentence, so as to be a magistrate's court offense. *See* S.C.Code Ann. § 22–3–330 (Magistrates have jurisdiction over offenses with fines up to five hundred dollars, or imprisonment not exceeding thirty days, or both).

Further, Elephant was not prosecuted under the above statutes but was administratively sanctioned pursuant to S.C.Code Reg. 7–200.4,[2] which provides:

To permit or knowingly allow a person under twenty-one year of age to purchase or possess or consume alcoholic liquors, beer or wine in or on a licensed place of business which holds a license or permit issued by the Department is prohibited and constitutes a violation against the license or permit. Such violation shall be sufficient cause to suspend or revoke the license or permit by the Department.

---

**2.** Pursuant to S.C.Code Ann. § 61–2–60, the South Carolina Department of Revenue has the authority to promulgate regulations necessary to carry out the duties imposed upon them by law for the proper administration and enforcement of laws pertaining to the distribution of alcohol.

For a violation of any regulation pertaining to beer or wine, the department may impose a monetary penalty of up to one-thousand dollars upon the holder of a beer or wine license in lieu of suspension or revocation. S.C.Code Ann. § 61–4–250.

Elephant's contention is meritless. Although it is correct that it may not be prosecuted for the sale of alcohol under § 61–4–50 unless the minor is also prosecuted, it cites no authority for the proposition that it may not be administratively sanctioned for violation of a regulation. Administrative sanctions simply are not equivalent to a criminal prosecution. *See e.g., State v. Price*, 333 S.C. 267, 510 S.E.2d 215 (1998) (administrative suspension of driver's license does not constitute a criminal penalty); *State v. Blick*, 325 S.C. 636, 481 S.E.2d 452 (Ct.App.1997) (adoption and execution of policies and practices necessary to preserve internal order and discipline, and to maintain institutional security in the prison are within the province and expertise of correctional officials and do not bar subsequent criminal prosecution). We find it is within the Department of Revenue's authority to impose an administrative sanction for the unlawful transfer of alcohol to a minor, without the necessity of the minor being prosecuted.

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.