THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Tony L.
 Patterson, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Department of Corrections, Respondent.
 
 
 
 
 

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Judge

Unpublished Opinion No. 2010-UP-292
Submitted May 3, 2010  Filed May 27, 2010    

AFFIRMED

 
 
 
 Tony L. Patterson, pro se, for Appellant.
 Robert Wesley Jacobs, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Tony
 L. Patterson appeals the Administrative Law Court's (ALC) affirmance of the
 Department of Correction's (the Department) denial of Patterson's grievance.  We affirm.[1]          
Patterson argues the ALC
 erred in finding his grievance was not timely filed.  We disagree.  The
 Department denied Patterson's grievance based on SCDC Policy Number GA-01.12 ¶
 13.1, which states an inmate must file a grievance within fifteen days of the
 alleged incident.  Here, Patterson filed his grievance complaining of loss of his
 inmate property on December 4, 2006.  Even if we construed the requirements for
 filing liberally in Patterson's favor, Patterson should have filed his
 grievance within fifteen days of December 6, 2004, when he originally
 discovered that the Department lost his inmate property.  However, he did not
 file his grievance until almost two years later.  The ALC did not err in
 relying on the Department's internal policy in finding Patterson failed to
 timely file his grievance because "[t]he adoption and execution of
 policies and practices necessary to preserve internal order and discipline, and
 to maintain institutional security in the prison are within the province and
 expertise of correctional officials."  State v. Blick, 325 S.C.
 636, 642, 481 S.E.2d 452, 455 (Ct. App. 1997).  Accordingly, the ALC did not
 err in affirming the denial of Patterson's grievance.  See S.C. Dep't
 of Corr. v. Mitchell, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008)
 ("The court of appeals may reverse or modify the decision only if
 substantive rights of the appellant [have] been prejudiced because the decision
 is clearly erroneous in light of the reliable and substantial evidence on the
 whole record, arbitrary or otherwise characterized by an abuse of discretion,
 or affected by other error of law.") (alteration in original).[2]             
AFFIRMED.
FEW, C.J., THOMAS and
 PIEPER, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  Additionally, Patterson argues the ALC erred in: (1) dismissing his case due to lack of
 subject matter jurisdiction; (2) failing to find he had a state-created liberty
 interest in his inmate property; and (3) declining to find the Department
 failed to comply with its internal policies in handling his inmate property. We
 decline to address Patterson's remaining arguments because resolution of
 Patterson's argument regarding timeliness is dispositive.  See Hughes
 v. State, 367 S.C. 389, 409, 626 S.E.2d 805, 815 (2006) (finding the
 appellate court need not address a remaining issue when the resolution of a
 prior issue is dispositive); see also SCACR 220(c) ("The
 appellate court may affirm any ruling, order, decision, or judgment upon any
 ground(s) appearing in the Record on Appeal.").