THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Antonio Moragne, Appellant,
 v.
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From the Administrative Law Court 
 Marvin F. Kittrell, Administrative Law
 Court Judge
Unpublished Opinion No. 2010-UP-411
Submitted September 1, 2010  Filed
 September 20, 2010    
AFFIRMED

 
 
 
 Antonio Moragne, pro se, for Appellant.  
 Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 After a hearing, the South Carolina Department of Corrections (the Department)
 entered a disciplinary conviction against Antonio Moragne for violating Rule
 806 of the Department's disciplinary code by blackmailing other inmates.  The
 Administrative Law Court (ALC) affirmed.  Moragne appeals, arguing (1) he was
 denied minimal and substantive due process by refusing to permit him to call
 witnesses in his behalf; (2) he was denied minimal due process by suppressing
 exculpatory evidence; (3) he was denied minimal due process by not being given
 adequate assistance in preparing his defense before and during the hearing; (4)
 the ALC erred in allowing a state prison guard to vouch for the veracity of the
 inmate accuser's hearsay statement; and (5) the ALC erred in excluding Moragne
 from a critical segment of his hearing, thereby denying him the right to
 confront and question his accuser.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1.  As to our standard of review for these issues:  S.C. Code
 Ann. § 1-23-610(B) (Supp. 2009) (confining review of a decision by the ALC
 to the record and permitting this court to reverse or modify the ALC's ruling
 if the appellant suffers prejudice to his substantive rights because the ALC's
 decision violates constitutional or statutory provisions, exceeds the statutory
 authority of the agency, is made upon unlawful procedure, suffers from another
 error of law, is clearly erroneous in view of the whole record, or is arbitrary
 or capricious or displays an abuse of discretion); Slezak v. S.C. Dep't of
 Corr., 361 S.C. 327, 331, 605 S.E.2d 506, 507 (2004) (recognizing the ALC has
 subject matter jurisdiction to review inmate grievances that have received a
 final decision by the Department); Kearse v. State Health & Human Servs.
 Fin. Comm'n, 318 S.C. 198, 200, 456 S.E.2d 892, 893 (1995) ("The
 findings of the agency are presumed correct and will be set aside only if
 unsupported by substantial evidence."); Lark v. Bi-Lo, Inc., 276
 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (finding "substantial
 evidence" not to be "a mere scintilla of evidence nor the evidence
 viewed blindly from one side of the case, but . . . evidence which, considering
 the record as a whole, would allow reasonable minds to reach the conclusion
 that the administrative agency reached or must have reached in order to justify
 its action"); Corbin v. Kohler Co., 351 S.C. 613, 618, 571 S.E.2d
 92, 95 (Ct. App. 2002) ("'[T]he possibility of drawing two
 inconsistent conclusions from the evidence does not prevent an administrative
 agency's findings from being supported by substantial evidence.'" (quoting Muir v. C.R. Bard, Inc., 336 S.C. 266, 282, 519 S.E.2d 583, 591 (Ct.
 App. 1999))).  
2.  As to the denial of minimal substantive due process by
 refusing to permit Moragne to call witnesses in his behalf:  Wolff v. McDonnell,
 418 U.S. 539, 556 (1974) (holding due process invoked by a disciplinary charge
 endangering an inmate's sentence-related or "good time" credits is restricted
 due to incarceration but must accommodate both the inmate's Constitutional
 rights and the needs and objectives of the penal institution); Al-Shabazz v.
 State, 338 S.C. 354, 371-73, 527 S.E.2d 742, 751-52 (2000) (finding the
 Department's procedures for conducting major disciplinary hearings, in which an
 inmate's liberty interest is at stake, comport with the due process
 requirements articulated in Wolff; recognizing an inmate's right to
 present a defense at a disciplinary hearing, including documentary evidence and
 witness testimony; but observing Department procedures require that disciplinary
 hearing officer (DHO) preside over disciplinary hearing and record and justify
 his rulings); State v. Blick, 325 S.C. 636, 642, 481 S.E.2d 452, 455
 (Ct. App. 1997) ("The purpose of a prison disciplinary proceeding is to
 maintain institutional order rather than to prosecute criminal conduct.").  
3.  As to the denial of Moragne's right to confront and
 question his accuser:  Wolff, 418 U.S. at 556 ("Prison disciplinary
 proceedings are not part of a criminal prosecution, and the full panoply of
 rights due a defendant in such proceedings does not apply."); Al-Shabazz,
 338 S.C. at 371-73, 527 S.E.2d at 751-52 (finding the Department's procedure
 that permits the DHO to exclude the inmate from portions of the disciplinary
 hearing for security reasons is constitutional and complies with Wolff).  
4.  As to the suppression of exculpatory evidence, the
 adequate assistance of counsel, and the state prison guard's vouching for the
 confidential informant:  State v. Powers, 331 S.C. 37, 43, 501 S.E.2d
 116, 118 (1998) (finding constitutional arguments are no exception to the rules
 of preservation, and if not raised at the trial level are deemed waived on
 appeal); Young v. S.C. Dep't of Health & Envtl. Control, 383 S.C.
 452, 458, 680 S.E.2d 784, 787 (Ct. App. 2009) ("A court has a limited
 scope of review of the final decisions of administrative agencies and cannot
 ordinarily consider issues that were not raised to and ruled on by the agency
 from which an appeal is taken.").  
AFFIRMED.  
WILLIAMS, PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.