**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Jimmy Lee Duncan, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-203246

---

Appeal From Colleton County
D. Craig Brown, Circuit Court Judge

---

Memorandum Opinion No. 2015-MO-068
Submitted September 22, 2015 – Filed December 2, 2015

---

**AFFIRMED**

---

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General James Rutledge Johnson, both of Columbia, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Blick*, 325 S.C. 636, 642, 481 S.E.2d 452, 455 (Ct. App. 1997) (finding, as a general rule, a prison disciplinary sanction will not bar

subsequent criminal prosecution); *see also Pruitt v. State*, 274 S.C. 565, 570, 266 S.E.2d 779, 781 (1980) (noting that "[t]he initiation of criminal process against [an inmate] is certainly not foreclosed by a prior administrative disposition"); *State v. Jolly*, 405 S.C. 622, 627, 749 S.E.2d 114, 117 (Ct. App. 2013) ("The Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could be described as punishment. The Clause protects against the imposition of *multiple criminal punishments for the same offense*, and only then when such occurs in successive pleadings." (emphasis added) (citations omitted)); *cf. State v. Thrift*, 312 S.C. 282, 301 n.12, 440 S.E.2d 341, 352 n.12 (1994) (noting "a civil as well as criminal sanction constituted punishment for double jeopardy purposes only where the sanctions as applied served the goal of punishment").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**