**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jacob Daniel Drotning, Appellant.

Appellate Case No. 2016-002288

———————————

Appeal From Oconee County
R. Scott Sprouse, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-217
Submitted March 5, 2019 – Filed June 19, 2019

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr. and Assistant Attorney General Vann Henry Gunter, Jr., all of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011) ("[A] party is not required to use the exact name of a legal doctrine in order to preserve the issue."); *id.* ("[T]he issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the [trial court]."); *id.* at 470, 719 S.E.2d at 644 ("We are mindful of the need to approach issue preservation rules with a practical eye and not in a rigid, hyper-technical manner."); *State v. Jolly*, 405 S.C. 622, 626, 749 S.E.2d 114, 116 (Ct. App. 2013) ("A defendant may be severally indicted and punished for separate offenses without being placed in double jeopardy whe[n] a single act consists of two distinct offenses." (quoting *State v. Brandt*, 393 S.C. 526, 538, 713 S.E.2d 591, 597 (2011))); *id.* at 626-27, 749 S.E.2d at 117 ("The test for determining [if] there are two offenses is whether each of the statutory provisions requires proof of a fact that the other does not."); *id.* at 627, 749 S.E.2d at 117 ("Thus, to determine [if] double jeopardy has been violated, the court must examine whether the offenses have the same elements."); S.C. Code Ann. § 16-3-29 (Supp. 2014) ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either express or implied, commits the offense of attempted murder."); *State v. King*, 422 S.C. 47, 61, 810 S.E.2d 18, 25 (2017) (noting "attempted murder requires a specific intent to kill"); S.C. Code Ann. § 16-25-20(A) (Supp. 2014) ("It is unlawful to: (1) cause physical harm or injury to a person's own household member; or (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril."); S.C. Code Ann. § 16-25-65(A) (Supp. 2014) ("A person who violates [s]ection 16-25-20(A) is guilty of the offense of criminal domestic violence of a high and aggravated nature when one of the following occurs.  The person commits: (1) an assault and battery which involves the use of a deadly weapon or results in a serious bodily injury to the victim; or (2) an assault, with or without an accompanying battery, which would reasonably cause a person to fear imminent serious bodily injury or death."); *In re Matthews*, 345 S.C. 638, 651, 550 S.E.2d 311, 317 (2001) ("[The South Carolina Supreme Court] ha[s] expressly held the [d]ouble [j]eopardy [c]lause of the South Carolina Constitution does not afford broader protection than its federal counterpart.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.